SANDERS v. OKLAHOMA EMPLOYMENT SEC. COMMISSION.

No. 32643.   May 11, 1948.

Rehearing Denied June 8, 1948.

Second Petition for Rehearing Denied July 13, 1948.

*195 P. 2d 272.*

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for plaintiff in error.

Bruton Wood, Burton Duncan, and Gerald S. Tebbe, all of Oklahoma City, for defendant in error.

RILEY, J. Plaintiff in error commenced this action against the Oklahoma Employment Security Commission to enjoin the commission from enforcing certain tax liens represented by warrants issued against plaintiff for delinquent contributions assessed under the Oklahoma Employment Security Act.

Plaintiff further seeks a judgment fixing and determining the correct rate which should be used in computing the amount plaintiff, as an employer, should contribute to the Unemployment Compensation Fund created by the act; and a further judgment adjusting alleged overpayments by him; and a judgment to recover alleged overcontribution by him in the sum of $77,-187.41, or for a mandatory injunction requiring defendant to allow plaintiff credit for the amount.

In his petition, plaintiff complains that in the early part of 1943 he received from the commission a rating calling for contribution at 1% of his payroll; that he relied on that rate and made payment for the first quarter of 1943, which the commission accepted; that thereafter the Legislature passed an act purporting to change and raise the rates of contribution for the year 1943 and subsequent years and that the commission changed, or attempted to change, the rate of contribution and assessed contribution against plaintiff in excess of the amount theretofore fixed by the commission for the year 1943. Plaintiff alleged that the act of the Legislature is unconstitutional and in contravention of the State and Federal Constitutions; that the rate fixed by the commission is unauthorized by law.

Plaintiff further alleged that the statute prior to 1942 and for the year 1943 fixed his rate of contribution at 2.7%; that plaintiff paid that rate until 1942; that for the year 1942 plaintiff was given a rate of 3.5% which he paid for the first three quarters of that year; that plaintiff paid the rate of 3.5% for the second and third quarters of 1942 under protest in that DuPont Powder Company, Kohler Construction Company, and others were given a rate of .5% and were allowed to pay at that rate, while plaintiff was required to pay at the rate of 3.5% which was a gross discrimination against plaintiff, but favorable to DuPont Powder Company, Kohler Construction Company, and others.

Plaintiff alleged that he had filed amended returns for the year 1942 wherein he set out that his rate should have been .5%, and sought an adjustment accordingly, but the commission failed, neglected, and refused to allow plaintiff a rate in accordance with his amended returns; that the total amount overpaid by plaintiff for the year 1942, based upon the difference between a rate of .5% and that actually paid by plaintiff, with allowance for certain al-

leged errors in the wages reported, was $77,387.54.

Plaintiff alleged that for the first quarter of 1943, he reported wages in the sum of $604,356.72, but that same was overreported to the extent of $191,-427.75, the correct amount being $412,-928.97, and that proper tax thereon, computed at the rate of .5%, would equal $2,064.64; that plaintiff paid thereon $604.36, leaving a balance due for that quarter of $1,460.28; that for the second quarter of 1943, the correct tax, after allowance of certain errors in the wages reported, should have been $497.52, but that plaintiff paid for that quarter $1,428.70, and overpaid for that quarter in the sum of $931.18; for the third quarter of 1943, plaintiff overpaid in the sum of $703.62; for the fourth quarter of 1943, the correct tax was $374.65 which plaintiff has not paid, thus leaving due from plaintiff, for the year 1943, the sum of $200.13.

The net claim is that plaintiff overpaid for the year 1942 in the sum of $77,387.54, and that he owed for the year 1943 the net sum of $200.13, leaving an overpayment for the two years in the sum of $77,187.41, for which he prays judgment.

Defendant commission filed its special appearance and motion to dismiss for want of jurisdiction, based upon six separate grounds. The first ground is that the court had no jurisdiction of the subject matter of the action. The second is that the court had no jurisdiction of the person of defendant in that defendant is an agency of the state, authorized to enforce the Employment Security Act; therefore, this action is in reality a suit against the state and that the state has not given its consent. The third ground is that the court is without jurisdiction of the subject matter in that plaintiff is attempting to restrain, delay, and forestall the collection of the contributions in violation of the express prohibition of law that no suit shall be maintained for the purpose of restraining, delaying, or forestalling the collection of any such contributions. The fourth ground is substantially the same as the third. The fifth ground is that the court has no jurisdiction of the subject matter of this action as to the refunds claimed since the plaintiff has an adequate and exclusive remedy at law by proceedings for refund before the commission. The sixth ground is that the court has no jurisdiction of the subject matter as to the assessments set forth in petition because plaintiff has an adequate and exclusive remedy at law.

The trial court sustained the motion to dismiss; plaintiff appeals.

The question of the jurisdiction of the court over the subject matter of an action is properly raised by motion to dismiss for want of jurisdiction; even in the absence of such a motion, it is the bounden duty of the court to inquire into its own jurisdiction. Fehr v. Black Petroleum Corp., 103 Okla. 241, 229 P. 1048, and many cases therein cited; Hamilton v. Browder, 176 Okla. 229, 54 P. 2d 1025.

Jurisdiction of the subject matter is the power of the courts to take cognizance of and hear and determine the subject matter in controversy between the parties. Fehr v. Black Petroleum Corp., supra.

Objection to the jurisdiction of the court over the subject matter may be raised by motion to dismiss at any stage of the proceedings. Bank of Earlsboro v. Crosbie, 182 Okla. 327, 77 P. 2d 547.

The Oklahoma Employment Security Act was passed in December, 1936. Ch. 52, S.L. 1936-37. Provisions were therein made for administration of the act by the Commissioner of Labor. Section 7 of the act fixed the rate of contribution to be paid by employers at certain percentages of wages payable with respect to employment. The rates were definitely fixed for the years 1937 to 1940, inclusive. The rates for the year 1941 and subsequent years were fixed

at 2.7%. A lower rate was provided for employers coming within certain classes. The act was amended in certain respects in 1939, 1941, 1943, 1945, and 1947.

The Act of 1941, sec. 11, Title 40, S. L. 1941, 40 O.S. 1941 §220, created the Employment Commission consisting of five members to be appointed by the Governor. 40 O.S. 1941 §221 makes it the duty of the commission to administer the act and gives the commission full and comprehensive powers of administration. The 1943 amendment, effective March 29, 1943, among other things, raised the rate of contribution for the year 1943 and subsequent years as to certain classes of employers.

Subdivision (h), 40 O.S. 1941 §224, provides that if any contribution imposed by the act, or any portion of such contribution, be not paid before it becomes delinquent, the commission may immediately issue a warrant directed to the sheriff of any county, commanding him to levy upon and sell any real or personal property found in his county and belonging to the delinquent employer, for the payment of the delinquent contribution. It is further provided that the sheriff shall, upon receipt of such warrant, file a copy thereof with the court clerk of his county, who shall enter same upon the judgment docket of the district court, and that such filing and docketing shall be evidence and notice of the state's lien upon the title to any interest in any real property of the delinquent employer in the same manner and to the same extent and effect as a judgment.

Subdivision (b), subsec. (3), sec. 224, 40 O.S. 1941, provides:

"No suit, including an action for a declaratory judgment, shall be maintained and no writ or process shall be issued by any court of this State which has the purpose or effect of restraining, delaying, or forestalling the collection of any contributions under this Act or substituting any collection procedure for those prescribed in this Act."

Subdivision (d), of subsec. 4, sec. 224, 40 O.S. 1941, gives the commission full power and authority to make and allow refunds or adjustments, without interest, of any alleged erroneous overpayments of any contribution, if application therefor be made within three years after the payment of such contribution. Subdivision (e) of the same subsection empowers the commission to determine the amount of any compensation due from any employer who fails to make the report and return required by the act and to make assessments therefor, and also to make audits of the books and records of the employer and to make further adjustments and corrections of assessments. Provision is also made for timely protest and a hearing, and for an appeal to the district court from any order of the commission with respect to such assessments.

Subdivision (g) of the same subsection of section 224 provides:

"Any employer aggrieved by any order, ruling or finding of the Commission, or its duly authorized representative, directly affecting such employer, may appeal therefrom to the District Court of any county of residence, or principal place of business, of such employer; provided, however, if such employer is a nonresident of this State, then to the District Court of Oklahoma County. . . ."

Said section 224(g) further provides:

"As a condition precedent to the right of the employer to prosecute such an appeal, and as a jurisdictional prerequisite of the District Court to entertain such appeal, it is specifically provided that, if the appeal be from an order, judgment, finding, or ruling of the Commission or its duly authorized representative, assessing a contribution or an additional contribution, penalties, and interest, the employer shall pay to the Commission the amounts assessed. Any amounts so paid shall, pending the final determination of the appeal, be reflected by the Commission in a separate account, and if, upon a final determination of the appeal the order

assessing such contributions, penalties, and interest is reversed or modified and it is determined that said contribution or part thereof was erroneously assessed, the amount paid by the employer shall be refunded to the employer by the Commission."

Where an administrative remedy is provided by statute, relief must be sought from the administrative body; that remedy must be exhausted before the courts will act; exhaustion of administrative remedy is a jurisdictional prerequisite for resort to the courts. Oklahoma Public Welfare Comm. et al. v. State ex rel. Thompson, 187 Okla. 654, 105 P. 2d 547.

The Oklahoma Employment Security Act provides a full, complete and comprehensive administrative remedy with respect to any controversy over the amount of any contribution required by the law. It gives the plaintiff the right to apply for the adjustment of any alleged overpayments made by plaintiff for the year 1942 and authorizes the commission to allow a refund as to any just claim of overpayments. The refund may be by payment in cash or allowance of credit against any subsequent contribution called for by the statute. The commission also has full power to determine the amount of contribution plaintiff should pay for the year 1943. But if plaintiff feels aggrieved at any ruling or order of the commission with respect to either overpayment or an excess rate claim, he has the right to appeal to the district court within the time and manner provided by the act. Plaintiff does not allege, and it is not claimed, that he ever pursued the remedy provided by law before the commission and the appeal to the district court.

While the act requires that the employer pay or secure the payment of any assessment made by the commission as a prerequisite to the right of appeal, that provision is no more than is required of any taxpayer who seeks to avoid payment of a tax which he deems illegal. The law does not impose any penalty upon the employer for an unsuccessful appeal. If he fails on appeal, he is not required to pay anything in addition to the amount fixed by the commission, with interest as provided by law. If he is successful, he is entitled to the return of any amount paid in excess of the amount found due. Under the provision giving the right of appeal by action at law, the employer may have the constitutionality of any part of the act determined.

Plaintiff asserts that the merit of the controversy is in no way involved in this appeal, and therefore he declines to brief the question of constitutionality. Plaintiff complains because the trial court did not assume jurisdiction and declare the act unconstitutional. Plaintiff apparently seeks a reversal of the order of dismissal with directions to enter a decree in the nature of a declaratory judgment as to the constitutionality of the 1943 amendment (sec. 1, Title 40, ch. 6, S.L. 1943). Such a proceeding is prohibited by Subdiv.(b), subsec.(3), sec. 224, 40 O.S. 1941. The question may properly be determined in a proceeding before the commission, as provided by statute, and judicially determined on appeal.

Affirmed.

HURST, C.J., and WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.