**LINCOLN INCOME LIFE INSURANCE COMPANY, a corporation, Petitioner,**

v.

**Barbara WOOD, Respondent.**

**No. 48104.**

Supreme Court of Oklahoma.

Oct. 12, 1976.

Rehearing Denied Nov. 23, 1976.

Hemry & Hemry by Kenneth M. Hemry, Oklahoma City, for petitioner.

C. Craig Cole, Oklahoma City, for respondent.

HODGES, Vice Chief Justice.

This is a petition for certiorari to review a certified interlocutory order from the District Court of Oklahoma County pursuant to 12 O.S.1971 § 952(b)(3).

The respondent, Barbara Wood, is an employee of the State of Oklahoma and an enrollee under the state employees group health insurance plan with Lincoln Income Life Insurance Company, petitioner. She alleges that she inquired of petitioner by and through its agents whether she had coverage under her policy for an operation to correct a bicornate uterus, and she asserts she was advised that she had suffi-

cient coverage and, if she desired, she should proceed to have surgery. The respondent filed a claim with the petitioner for $1,582.65 subsequent to the operation which was denied on the basis that the surgery corrected a pre-existing condition which was not waived under the policy until it had been in effect for one year. The policy had not been in effect for one year and the petitioner determined respondent was not covered under the group plan. A petition was filed in district court alleging that the assurance of the petitioner's agent she had sufficient coverage to pay for her surgery constituted a modification of the original contract and the insurer's failure to pay the claim after it had misrepresented the terms of the contract resulted in detriment to the respondent from which she suffered a loss not only financially, but to her reputation.

The petitioner filed a motion to dismiss and plea to the jurisdiction of the trial court alleging the respondent had not exhausted the administrative remedies available to her under 74 O.S.1971 § 1301 et seq., and made exclusive under 74 O.S.1975 Supp. § 1306(1)(f). The trial court overruled the motion to dismiss and plea to the jurisdiction. The question certified for review by this court is whether respondent was required to exhaust her administrative remedies before filing her petition in district court.

Respondent, as an insured state employee, and petitioner, as the state employees group insurance carrier, are subject to the "State Employees Group Health and Life Insurance Act," 74 O.S.1971 § 1301 et seq. At the time respondent became a covered state employee and at the time the medical expense, resulting in the health insurance claim, was incurred, a section of that act, 74 O.S.1971 § 1306(1)(f), set forth the powers and duties of the State Employees Group Health and Life Insurance Board (Board) created in the Act:

"(1) The Board shall administer and manage the Health and Life Insurance

Plans and, subject to the provisions of this act, shall have the following powers and duties:

\* \* \* \* \* \* \*

"(f) The establishment of a grievance procedure by which the Board shall act as an appeals body for complaints by insured employees regarding the allowance and payment of claims, eligibility, and other matters;"

The record filed in this court, by an affidavit of the chairman of the Board, reveals respondent made no effort to process her grievance, caused by the denied claim, through the Board's grievance procedure. Instead she filed her action in the district court October 1, 1974. In effect at that time was an amendment, 74 O.S.1974 Supp. § 1306(1)(f). The language remained the same with this addendum:

"(f) \* \* \* the grievance procedure provided by this paragraph shall be the exclusive remedy available to insured employees having complaints against the insurer, and such grievance procedure shall be subject to the Oklahoma Administrative Procedures Act including provisions thereof for review of agency decision by the district court;"

■ A party has no vested right in any particular remedy or method of procedure for the enforcement of his rights.[1] is well settled in Oklahoma that exhaustion of statutory administrative remedies is a jurisdictional prerequisite to resort to the courts. The purpose of the rule is to aid in the orderly administration of justice, and to prevent transfer to the courts of duties imposed by law on administrative agencies. It is only where administrative remedies are not adequate that the courts may take jurisdiction prior to the actual exhaustion of administrative remedies, and then a strong showing is required of the alleged inadequacy of the prescribed administrative remedy.[2] Access to and redress through the courts by judicial review is assured by the Administrative Procedures Act, 75 O.S.1971 § 318.

■ This dispute arose because the health insurance claim was denied because of a pre-existing condition which was not waived under the terms of the policy. We find this is a matter which is properly the subject of the grievance procedure authorized by 74 O.S.1971 § 1306(1)(f), which is sufficiently encompassing to determine the dispute concerning the policy, and the alleged representations of petitioner's agents under the decisions of this court[3] and 74 O.S.1974 Supp., § 1306(1)(f) which by statute renders the grievance procedure exclusive.[4]

REVERSED AND REMANDED.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

1. Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, 464 P.2d 748, 756 (Okl.1969) ; Simms v. Hobbs, 411 P.2d 503 (Okl.1966).

2. National Indian Youth Council v. Morton, 363 F.Supp. 475 (W.D.Okl.1973) ; Martin v. Harrah Independent School District, 543 P.2d 1370 (Okl.1976) ; Speaker v. Board of County Commissioners of Oklahoma County, 312 P.2d 438 (1957) ; Sanders v. Oklahoma Employment Security Commission, 200 Okl. 366, 195 P.2d 272 (1948).

3. See Martin v. Harrah Independent School District, note 2, id.

4. The statute 74 O.S.1974 Supp. § 1306(1) (f) promulgating the grievance procedure to be exclusive is procedural in nature and acts retroactively in this case. Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, 464 P.2d 748, 756 (1969) citing Fry v. Wolfe, 106 Okl. 289, 234 P. 191 (1924) ; Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708 (1918).