**Ida June GRAVES, Petitioner,**

v.

**SAFEWAY STORES, INC., and Workers' Compensation Court, Respondents.**

**No. 57209.**

Supreme Court of Oklahoma.

Nov. 9, 1982.

William J. Dale, Bartlesville, for petitioner.

McGivern, Scott, Steichen & Gilliard, Tulsa, for respondents.

DOOLIN, Justice:

The issue presented is simply stated: what shall be the standard of review in this Court for appeals from the Workers' Compensation Court?

Appellants sought, and were granted, certiorari to the Court of Appeals, Division 2, under Rule 3.13, Title 12 O.S., Ch. 15, App. 3. That Court reversed the Court en banc, and reinstated the findings of the trial court, using as its standard of review "clear weight of the evidence," as found in 85 O.S. 1981, § 3.6(A).[1] The concurring opinion decided the correct standard to be "preponderance" of the evidence, but concurred in the reversal nonetheless.

Our mission is twofold: to ascertain the proper standard of review, and, using that standard, to judge the decision of the Court en banc.

---

1. 85 O.S.1981, § 3.6(A): "The Court en banc may reverse or modify the decision only if it determines that such decision was *against the* *clear weight of the evidence* or contrary to law." (Emphasis added.)

The majority Court of Appeals opinion found the "clear weight" standard was appropriate on two grounds: first, the standard is mandated in the statute for review al purposes by the Court en banc and the majority opinion said, "[w]e find nothing in the statute indicating a different standard of review for the Courts of Appeal;" second, the subsequent statute (85 O.S.1981, § 3.6(B)[2] provides that the Supreme Court, on review, "shall have original jurisdiction in such action, and shall prescribe rules for the commencement *and trial* of the same." (Emphasis added.) "And trial," it is argued, requires a clear weight of the evidence standard as in a trial de novo.

We choose not to place this emphasis on the words "and trial," and subscribe to the standard of review in place prior to enactment of the new Workers' Compensation Act in 1978. The recent case of *Loggins v. Wetumka General Hospital*[3] convinced us the standard on review should not change:

> "On review of State Industrial Court orders, or awards, Supreme Court does not weigh evidence to determine preponderance thereof, but examines the record only to ascertain whether the order reviewed is supported by any competent evidence." *Loggins v. Wetumka General Hospital,* supra. Also see *Wilkerson v. McGehee,* 53 OBJ 2252; *Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okl.1976); *Sooner Construction Co. v. Brown,* 544 P.2d 500 (Okl.1975).

We therefore hold the standard of review at the appellate level shall be to determine if the order is supported by any competent evidence.

 This inquiry must of necessity take two tacts: first, whether the claimant received an accident in the course of her employment, and two, whether the amount of the award was supported by any competent evidence.[4]

 Claimant testified she was hit by a 10-pound sack of potatoes thrown by another employee on January 14, 1980. No witness offered conflicting testimony. We therefore find the Court en banc's decision of liability was supported by competent evidence.

On the issue of the award, the trial court granted Claimant 25 weeks (January 14—July 8, 1980) of temporary total disability benefits ($3,525.00) and 125 weeks of permanent total disability ($10,000.00).

The Court en banc modified the amount of the trial court's order and granted Claimant nine weeks, two days of temporary total disability ($1,316.00, March 10—May 14, 1980), and denied payment of Claimant's medical expenses (nearly $5,000.00). The issue of permanent total disability was not appealed.

The Court of Appeals, Division 2, reinstated the trial court's 25 weeks of temporary total disability. It also upheld the Court en banc's ruling on the medical payments because the bills were never introduced. It authorized the Claimant to present those claims to the Court at another hearing pursuant to *Quality Materials Co. v. Payne,* 405 P.2d 51 (Okl.1965).

Therefore, the remaining question for us is whether the Court en banc's decision to modify the period of temporary total disability was supported by any competent evidence. If so, we must affirm.

The Court en banc modified the disability period as stated by the trial court by finding the first day of disability was the date of hospital admission (March 10, 1980) and

---

**2.** 85 O.S.1981, § 3.6(B): "The Supreme Court shall have original jurisdiction of such action, and shall prescribe rules for the commencement *and trial* of the same." (Emphasis added.)

**3.** 587 P.2d 455 (Okl.1978).

**4.** The trial and en banc proceedings are concerned primarily with facts and evidentiary questions; on appeal the inquiry is directed to the law as applied to such facts. See *Thomas v. Hensel Optical Labs,* 53 OBJ 2383.

the last day was the date of Dr. B.'s report (May 14, 1980) which found no permanent impairment. In effect the Court en banc found that Claimant's disability began two months after the accident. During the nearly two-month period between accident and hospital admission, Claimant (1) was treated at a hospital emergency room and (2) was treated at Dr. R.'s chiropractic clinic, all the while staying home from work.

Similarly, the Claimant continued to see Dr. B. even after he reported no permanent impairment. Later (July 8, 1980) she was examined by another chiropractor, Dr. Ru, who concluded Claimant was 30 percent permanently impaired.

In light of the rule of "any competent evidence," we find the Court en banc did not act on "competent evidence" when it found that disability began on March 10, 1980; we reverse with instructions to place the starting date at January 14, 1980, as found by the trial court. However we do find the Court en banc acted on competent evidence when it terminated disability as of the date of Dr. B.'s finding of no permanent impairment, and so affirm that ruling. We also remand the issue of medical expenses with directions to Claimant to properly present the claim to the Workers' Compensation Court at a future hearing, as per *Quality Materials Co. v. Payne,* supra.

OPINION OF THE COURT OF APPEALS, DIVISION 2 VACATED; ORDER OF THE WORKERS' COMPENSATION COURT EN BANC REVERSED IN PART AND AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS.

All the Justices concur.