1999 OK CIV APP 39

**BAPTIST MEDICAL CENTER,**
Petitioner,

v.

**Misty D. PRUETT and The Workers'
Compensation Court,**
Respondents.

No. 91,482.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Nov. 24, 1998.

Rehearing Denied Jan. 4, 1999.

Certiorari Denied March 23, 1999.

Darla Anderson, Walker, Ferguson & Ferguson, Oklahoma City, Oklahoma, For Petitioner.

Sidney A. Musser, Jr., Harry J. Kouri, III, Abel, Musser, Sokolosky, Mares & Kouri, Oklahoma City, Oklahoma, For Respondents.

## OPINION

RAPP, J.

¶ 1 Baptist Medical Center ("Employer") appeals the decision of the Court En Banc which affirmed an order finding that Misty D. Pruett ("Claimant") was entitled to medical care by a physician of her choosing and to temporary disability benefits.

## I. *Background*

¶ 2 Employer admitted that Claimant suffered a work related injury on December 1, 1997. At that time, Employer had in place a Certified Work Place Medical Plan ("CWMP") pursuant to 85 O.S. Supp.1996, §§ 14.1–14.3. Claimant elected to enroll in the CWMP at the time she was employed, but did not nominate her own physician when she enrolled. She filed her Form 3 on December 18, 1997.

¶ 3 Claimant, on the day she was injured, received treatment from a physician's assistant provided by the CWMP. The treatment consisted of an arm x-ray, ice, and bandage. She was placed on "work restrictions" relating to the use of her arms, lifting, pushing, and pulling. The x-ray of the arm was the only x-ray ever taken by the CWMP provider. The next day was her day off and she returned on December 3, 1997, still complaining of pain in her arm, back and neck areas. She was again seen by the physician's assistant. Her work restrictions were increased. She also began physical therapy. She also performed the work tasks assigned by her supervisor, but complained to him that the tasks violated her work restrictions. Employer's representative testified that, based upon Claimant's description, the tasks did violate the work restrictions.

¶ 4 During the next two weeks, Claimant underwent physical therapy but continued to complain to her supervisor that this caused her additional pain and made the injury worsen. Her supervisor told her to continue. Claimant testified that she felt pressured by the supervisor to continue even though it caused her additional pain. She also informed the physician's assistant about the effects of the physical therapy. At some date not fixed by Claimant, she was informed by the physician's assistant that the physician's assistant opined she should have worker's compensation and be taken off work. However, he did not have authority to do so and told Claimant that she would have to see a doctor. He also gave Claimant incorrect advice about delays that would ensue if she

sought worker's compensation.[1]

¶ 5 Claimant saw her own doctor on approximately December 18, 1997. He advised her that she was temporarily disabled and prescribed treatment, including physical therapy. Claimant then presented a "slip" from her physician to her supervisor and ceased working. She was not advised at that time about procedures under the CWMP or the rules of the CWMP regarding use of an outside physician. Employer's representative subsequently testified that she was unaware of any employee orientation, posting of information, or other notification to Claimant or other employees of the procedures under the CWMP with special reference to resolution of disputes.

¶ 6 Claimant filed a Form 9 on January 12, 1998, requesting a trial on temporary total disability ("TTD") and medical treatment from December 18, 1998.[2] Employer's Form 10, filed January 22, 1998, listed as the *only* defenses a denial of injury to the back and head. Nevertheless, when the case was tried, Employer asserted defenses related to the CWMP alleging she had not exhausted her dispute resolution procedures and thus could not proceed. Additionally, Employer alleged that Claimant's doctor did not qualify under the CWMP and therefore treatment by him was not authorized. Last, Employer maintained that Claimant's physician's testimony should not be considered in the issue of TTD because he was not a member of the CWMP and because Claimant had light duty work available.

¶ 7 The case was set for trial on March 4, 1998, but was continued. However, on that date Claimant presented Employer with a document referred to in the record as a hand written grievance on a Grievance Form in which she reiterated her complaints about her medical care and asked for authorization for medical care by her own physician. The document itself is not in the record. Claimant was then advised by telephone of a doctor's appointment for the next morning, March 5, 1998. She was unable to make that appointment and told Employer of that fact. No further appointments were scheduled by Employer. By letter dated March 5, 1998, Employer advised that the grievance was denied and that medical care by Claimant's physician was not authorized. This letter did not advise of any further procedures, including dispute resolution, that might be available to Claimant.[3] This letter was received in the week before the trial on March 16, 1998.

¶ 8 The CWMP's dispute resolution procedures, if any, were not offered into evidence. *See* 85 O.S. Supp.1996, § 14.3(B)(1)(d) and (e).

¶ 9 After trial, the court entered an order finding that Claimant was entitled to TTD compensation and medical treatment by a physician of her own choosing. The court further determined that the dispute arose no later than when the Form 9 was filed and that Employer's dispute resolution procedure had not timely resolved the matter. The Court En Banc affirmed and Employer appeals.

## II. *Standard of Review*

¶ 10 When this Court reviews the Workers' Compensation Court's factual resolutions, the *any-competent-evidence* standard applies. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. Whenever conflicting or inconsistent inferences may be drawn from undisputed facts, the issue is not one of law but rather of fact. *Thomas v. Keith Hensel Optical Labs,* 1982 OK 120, 653 P.2d 201. The trial judge's non-jurisdictional findings may not be disturbed on appeal if supported by competent proof. *Carpenter v. Douglas Aircraft Company,* 1966 OK 218,

---

1. Claimant testified without objection. Employer did not present the Claimant's supervisor or the physician assistant. Thus, Claimant's recital of events stands uncontradicted in the record.

2. The original Workers' Compensation Court order lists January 2, 1997, but is clearly a typographical error as the file stamp shows January 12, 1997.

3. Testimony suggested that some form of notice of dispute resolution was in the Grievance Form but that document is not in the record on appeal. Employer could not substantiate that any Employee received orientation about dispute resolution. Claimant's knowledge of the program was sketchy at best.

420 P.2d 911. It is only in the absence of competent evidence that a trial court's decision may be viewed as erroneous as a matter of law and thus reversed. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. The term "competency" refers to the legal sufficiency of the admitted evidence to support the decision. In applying the standard, this Court may not weigh the adduced evidence but this Court canvasses the record to determine if the decision is supported by competent evidence. *Lacy v. Schlumberger,* 1992 OK 54, 839 P.2d 157.

 ¶ 11 This case also presents a question of interpretation of portions of 85 O.S. Supp.1996, §§ 14.1–14.3. The appellate court has the plenary, independent and non-deferential authority to reexamine a trial court's legal rulings. *Neil Acquisition L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100, Fn. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

### III. *Analysis and Review*

¶ 12 Two issues are dispositive of this appeal. The first question is whether the Workers' Compensation Court was justified under the Act and the facts to conclude that an unresolved dispute existed. An affirmative answer to that inquiry then presents the second issue, that is, whether the relief granted was permitted under the Act. A review of the pertinent statutory sections leads to an affirmative answer to both questions.[4]

¶ 13 The CWMP was established as a pilot program that permitted employers to establish a "workplace medical plan for the management of quality treatment to injured employees" for compensable injuries and diseases under the Workers' Compensation Act. 85 O.S. Supp.1996, §§ 14.1, 14.3. Once a workplace medical plan has been certified to comply with the Act, then any employee has the option to enroll in the plan or provide a name of a qualified physician. 85 O.S. Supp. 1996, § 14.2(B). The qualifications that a physician must meet are set forth in 85 O.S. Supp.1996, § 14(C)(1). Medical treatment is then confined to a provider under the plan or the selected physician. 85 O.S. Supp.1996, §§ 14(C)(1), 14.2.[5]

¶ 14 The Act envisions two discrete circumstances in which issues might arise. These circumstances arise when: (1) an employee desires to change attending physicians, 85 O.S. Supp.1996,§ 14.2(B); and (2) a dispute arises related to the medical care under the plan, 85 O.S. Supp.1996, § 14.3(B)(1)(e) and (C).

¶ 15 In the former case, an employee may petition the Workers' Compensation Court for a change of attending physician.[6] However, the new physician must be either under the plan or qualified to participate under the plan. Claimant has not petitioned for a change of attending physicians.

¶ 16 However, it is clear Claimant did have a dispute about the medical care she was receiving. Thus, her case falls under the second of the above circumstances. In this situation an element of a qualified CWMP is a dispute resolution procedure with a ten day time limit to resolve a dispute. 85 O.S. Supp. 1996, § 14.3(B)(1)(e). An employee is required to exhaust the dispute resolution procedure before seeking legal relief "on issues related to medical care." 85 O.S. Supp.1996, § 14.3(C). The "dispute" must be one relating to "medical care under the plan"; other-

4. The rule of "plain meaning" is here applicable because the intent of the statute is clearly expressed. *Gleason v. City of Oklahoma City,* 1983 OK CIV APP 16, 666 P.2d 786.

5. In the present case it is undisputed that Claimant's chosen physician had not qualified to provide care under Employer's CWMP.

6. Claimant notes, without being contradicted, that she was never actually seen by a physician. The statutory definition of "physician" does not

include physician's assistant. 85 O.S. Supp. 1996, § 14(D). However, it is also undisputed that the plan provided an "attending" physician. Medical care under the CWMP scenario does not contemplate that an injured employee will, in all instances, be treated personally by a physician. The enrollment form utilized here is misleading on this point by interchanging terms such as "provider," "physician," and "initial treating physician."

wise the statute does not define "dispute." The existence and onset of a dispute present factual issues for decision by the Workers' Compensation Court based upon competent evidence. The evidence here clearly substantiates the Workers' Compensation Court's conclusion that a dispute existed and began "no later than" the filing date of Claimant's Form 9. Furthermore, it is clear that the dispute was not resolved within ten days thereafter as the Form 9 was filed in January of 1998.

¶ 17 However, the statute requires that an "attempt" be made to resolve the dispute under the dispute resolution procedure and the employee is required to exhaust that procedure before seeking legal relief. Here, the evidence shows that the Claimant did not formally initiate any dispute resolution action until March 4, 1998. The evidence also supports a conclusion, implicit in the result, that Claimant was not informed by the Employer about the procedures to follow. In any event, the dispute remained unresolved as of the date of the original order herein, which was March 20, 1998.[7]

■ ¶ 18 Similarity exists between the administrative law exhaustion requirement requisite to court review and the exhaustion requirement here. In the context of administrative law, exhaustion is required unless the administrative remedy is unavailable, ineffective, or would be futile to pursue. *Lone Star Helicopters, Inc. v. State*, 1990 OK 111, ¶ 6, 800 P.2d 235, 237; *Martin v. Harrah Independent School District*, 1975 OK 154, ¶ 11, 543 P.2d 1370, 1372; *see Lincoln Income Life Insurance Company v. Wood*, 1976 OK 140, 556 P.2d 602. In *Lincoln*, the statute required exhaustion of a grievance procedure. However, the statute, unlike here, further provided that the grievance procedure

was subject to the Oklahoma Administrative Procedures Act.

■ ¶ 19 The onus is upon the Claimant to show that a basis exists to forego the exhaustion requirement. *See Lincoln Income Life Insurance Company v. Wood*, 1976 OK 140, ¶ 5, 556 P.2d 602, 604. Here, the evidence reflects Claimant's repeated and futile efforts to complain about the medical care being given. The evidence further demonstrates a dearth of information available to Claimant, or any other employee, regarding the Employer's CWMP dispute resolution procedures to follow. Even when Claimant formally initiated a grievance procedure in March 1998, the Employer made little effort to resolve the complaint and no effort to inform the Claimant of any further procedures. A threshold determination that Claimant was thus excused from having to exhaust the dispute resolution process on the ground that such process was here inadequate to resolve the dispute was supported by competent evidence.[8]

■ ¶ 20 Employer argues that the court was nevertheless limited to a plan qualified physician. Employer relies upon the statutory sections dealing with the requirements for the Employee to utilize the CWMP provider or a chosen physician who qualifies under the Act. However, Employer's argument overlooks the plain statutory language which provides that if the dispute is not resolved then "the employee may pursue *remedies* in the Workers' Compensation Court." 85 O.S. Supp.1996, § 14.3(B)(2)(e) and (C). A "remedy" is not part of a legal action but is the result of the action. It is the object for which the action is prosecuted. *Mathews v. Sniggs*, 75 Okla. 108, 182 P. 703, 707 (1919). The word "remedies" is both

---

7. This Court is required to infer that dispute resolution procedures even exist based upon the fact that the parties agree that a qualified CWMP was in force. Such procedures must exist as a requisite of qualification of the CWMP. Nevertheless, the precise procedures are not in the record so the conclusions that Claimant made an attempt, either in January or March, to resolve the dispute and that the dispute was not resolved are supported by competent evidence. Such conclusions are necessary predicates to the ultimate conclusion, expressed by the court below,

that the Employer's dispute procedures have failed to resolve the medical care dispute.

A general finding by the Workers' Compensation Court includes a finding of every permissible evidentiary fact which lent its support to the order. *Qualls Transfer & Storage Co. v. Cummins*, 1972 OK 159, ¶ 13, 505 P.2d 183, 186; *Indian Territory Illuminating Oil Co. v. Crow*, 147 Okla. 229, 296 P. 451 (1931), Syl., ¶ 1.

8. See Footnote 7.

plural and unlimited by specific definition in the Section 14.3. The relief afforded by the Workers' Compensation Court is fully authorized under the general range of remedies available to that court.

 ¶ 21 Employer further argues that Claimant's medical evidence does not support a finding of TTD because the physician was not qualified under the plan. However, Employer did not object at trial to the evidence on the ground of competency. The term "competency" in the context of an objection to the evidence refers to the admissibility of the evidence. This is distinguished from a probative objection which goes to the weight or sufficiency of the evidence. *Lacy v. Schlumberger Well Service*, 1992 OK 54, ¶ 7, 839 P.2d 157, 160. Employer's failure to object on grounds of competency waives any objection here on the same ground.

¶ 22 The ruling of the Court En Banc affirming the trial court's findings that a dispute over medical care arose and was not timely resolved is not contrary to the evidence or the law and is AFFIRMED. Further, the Court En Banc's order affirming the trial court's grant of relief is AFFIRMED.

¶ 23 Employer's objection to the Claimant's physician's evidence in support of TTD is denied and the judgment of the Court En Banc ordering TTD compensation and medical benefits is in all respects AFFIRMED.

¶ 24 AFFIRMED.

STUBBLEFIELD, P.J., and REIF, J., concur.