2001 OK CIV APP 51

**Kathy S. LUJAN, Petitioner,**

v.

**ST. MARY'S HOSPITAL, Own Risk and the Workers' Compensation Court, Respondents.**

**No. 94,735.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 30, 2001.

Certiorari Denied April 3, 2001.

Michael R. Green, Tulsa, OK, for Petitioner.

William W. Wiles, Jr., Oklahoma City, OK, for Respondents.

STUBBLEFIELD, Presiding Judge:

¶ 1 This is an appeal from order of the Workers' Compensation Court denying a claim for permanent total disability. Claimant Kathy Lujan was employed as a cook for St. Mary's Hospital. She sustained an accidental personal injury as a result of a slip and fall at her workplace. She filed her Form 3 alleging injury to her back, legs and knees. She eventually had back surgery, including surgical implantation of a dorsal spinal column stimulator, but afterwards continued to suffer from back pain, which she claimed radiated into her lower extremities and caused loss of sensation and reflexes.

¶ 2 Claimant sought benefits for permanent total disability and, alternatively, for permanent partial disability. Employer stipulated that Claimant sustained an accidental personal injury arising out of and in the course of her employment, but denied that she was permanently totally disabled. Employer further agreed to provide continuing medical maintenance to Claimant in the form of prescriptions, maintenance for the dorsal column stimulator and necessary follow-up with her treating physician.

¶ 3 Evidence at trial revealed that the forty-two-year-old Claimant had obtained her GED in 1996. She had employment experience as a cook and as an activity director for a nursing home. Claimant offered the report of her medical expert, whose opinion was that she had sustained fifty-two percent impairment to her low back and fourteen percent impairment to her left leg as a result of her employment-related injury. This medical expert further stated in his report that Claimant was "not a candidate for vocational rehabilitation," and was not capable of earning "any wages in any employment for which she is, or becomes physically suited, and reasonably fitted by education, training, or experience."

¶ 4 Claimant also offered a report from her treating physician, which detailed her physical limitations,[1] and a report and live testimony of a vocational rehabilitation expert. The vocational rehabilitation expert stated her opinion that, considering the restrictions from the treating physician and the results of a functional capacity evaluation, Claimant was permanently and totally disabled from past work or any work for which she is, or could become physically suited or reasonably able by education, training or experience.

¶ 5 Employer submitted the report of its medical expert, who was of the opinion that Claimant had sustained eighteen percent permanent partial impairment to the body as a whole for injuries to the lumbosacral spine as a result of her injury and subsequent surgery. Employer's expert also concluded that Claimant was not permanently and totally disabled based on her age, education, training and work experience. Claimant objected to the probative value of the report.[2]

¶ 6 The trial court found that Claimant sustained an accidental personal injury to the lumbar back, right leg and left knee arising out of and in the course of her employment. However, the trial court determined that Claimant was not permanently, totally disabled, but, instead, found Claimant sustained 23.5 percent permanent partial disability to the body as a whole due to injury to her lumbar back, with no permanent partial disability to either leg. Claimant now seeks review in this court.

¶ 7 Claimant first asserts that changes in the workers' compensation statutory scheme evidence a legislative intent, in cases involving permanent partial disability claims, to require expert vocational evidence as well as expert medical evidence. According to Claimant, when she offered the opinion of her vocational expert at trial, the burden shifted to Employer to refute or rebut that expert's determination with contrary evidence from its own vocational expert.

¶ 8 In a related proposition, Claimant asserts that, because Employer offered no expert vocational evidence, there is no competent evidence supporting the trial court's order. Claimant acknowledges the conclusion of Employer's expert that she is not permanently, totally disabled, but maintains that the opinion of this medical expert was not competent evidence to rebut the testimony of a vocational expert. Claimant also argues that the report of Employer's medical expert has no probative value on the issue of permanent total disability, and cannot support the trial court's order, because the medical expert did not perform a functional capacity examination "and without this important piece of evidence [the doctor] had no basis to opine Claimant could be substantially gainfully employed." Claimant insists that she presented the only evidence before the Workers' Compensation Court regarding her ability to be restored to gainful employment.

¶ 9 Finally, Claimant asserts that the definitions contained in the federal Social Security Act should be used as the standards for a trial court's determination regarding permanent total disability. For the following reasons, we disagree with Claimant's assertions.

■ ¶ 10 We first note that both the burden of producing evidence and the burden of persuasion are on the workers' compensation claimant, "who must adduce every fact necessary to establish compensability." *American Management Sys., Inc. v. Burns*, 1995 OK 58, ¶ 6, 903 P.2d 288, 291 (footnote omitted). To establish her claim of permanent total disability, Claimant was required to show "incapacity because of accidental injury ... to earn any wages in any employment for which [she] may become physically suited and reasonably fitted by education, training or experience, including vocational rehabilitation...." 85 O.S. Supp.1994 § 3(12). In view of this specific statutory definition of permanent total disability, we need not look to federal social security standards.

■ ¶ 11 The determination of whether a claimant is entitled to permanent total disability benefits presents a fact question for the trial court. *Farm Fresh, Inc. v. Bucek,*

---

1. The report stated that Claimant is unable to sit, stand or walk for greater than thirty minutes at a time or sit, stand or walk for greater than one hour in an entire eight-hour period.

2. Claimant made a competency objection to the report, but withdrew the competency objection prior to the conclusion of the hearing.

1995 OK 44, ¶ 14, 895 P.2d 719, 724. When examining the lower court's factual determinations, this court applies the any-competent-evidence standard. *Id.* at ¶ 15, 895 P.2d at 724; *Parks v. Norman Mun. Hosp.,* 1984 OK 53, ¶ 2, 684 P.2d 548, 549. It is the trial court's duty to weigh the evidence, determine credibility of witnesses and draw reasonable conclusions from their testimony. *Hackley v. Dalles Nursing Home,* 1962 OK 140, 372 P.2d 586. The trial court can refuse credence to any portion of the testimony deemed unworthy of belief and can rely in part on the claimant's evidence and in part on the employer's evidence or accept part of one witness's testimony while rejecting other parts. *TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 27, 829 P.2d 15, 26, citing *Cassidy v. Harding,* 1969 OK 36, ¶¶ 7–8, 451 P.2d 698, 699–700. There is no basis for disturbing the trial court's factual determinations "[a]s long as the findings of the lower court are not incompatible with the overall evidence, as accepted or rejected." *TRW/Reda Pump* at ¶ 27, 829 P.2d at 26–27.

¶ 12 In the order under review, the trial court specifically concluded that Claimant did not meet her burden of persuasion on the issue of permanent total disability. The trial court discussed the opinion of Claimant's vocational rehabilitation expert, and noted the expert's opinion that Claimant was permanently totally disabled "appears to be premised, not on Claimant's physical limitations, but on her 'educational experience and training'." The trial court further noted what it found to be inconsistencies in the restrictions represented by the June 1999 report of Claimant's treating physician (relied on by the vocational rehabilitation expert), the functional capacity evaluation and the treating physician's later progress notes. Indeed, in one of the most recent notes, dated January 14, 2000, Claimant's treating physician stated:

> [Claimant] can engage in employment of a light nature. She is not to climb and balance. She is not to work overhead. She is not to work bent over. She needs to be allowed to work in a non-structured environment where she can sit, stand and walk as her pain level directs.

¶ 13 The vocational expert testified at trial that, when she formed her opinion regarding Claimant's condition and prepared her report, she had seen the treating physician's records only through June 1999. She thought that the thirty-minute limitations on sitting, and the daily limit for standing, sitting or walking would not allow Claimant to be employed in even a sedentary position. Significantly, however, Claimant's vocational expert admitted that, in reaching her opinion, she had not "explored" employers "that have jobs available for people that need some latitude in standing and sitting."

¶ 14 Another reason for the vocational expert's opinion that Claimant was permanently totally disabled was the expert's belief—again based on the physical limitations stated in the June 1999 medical report—that Claimant could not be retrained because she could not sit for more than thirty minutes at time. However, there was evidence that Claimant scored in the top ten percent when tested for intelligence and ability to learn new skills, and the expert admitted on cross-examination that most schools would work with someone like Claimant to accommodate her possible need to get up and move around during the course of a class.

¶ 15 As for Claimant's assertion that Employer's medical evidence is not competent to support the trial court's order, that assertion is based on faulty reasoning that an employer, in a permanent total disability case, must present evidence regarding a claimant's vocational prospects. However, we find nothing in the workers' compensation statutory scheme that places an obligation on an employer to provide evidence from a vocational rehabilitation expert that a claimant is *not* permanently totally disabled. It is the rule that an employer may rely on contradictions or inherent improbabilities in the claimant's evidence, or other circumstances in evidence, to refute a workers' compensation claim. *Bittman v. Boardman Co.,* 1977 OK 32, ¶ 4, 560 P.2d 967, 969. *See also Emery v. Wal–Mart Super Center No. 576,* 2000 OK CIV APP 4, ¶¶ 11–14, 2 P.3d 898, 901–02.

¶ 16 In this instance, the report of Employer's medical expert is admittedly competent evidence. It reflects a detailed history provided by Claimant of her condition and an inventory of her current complaints. The report concludes, based on Claimant's physi-

cal disability, age, education and work experience, that *she is not totally disabled.* The trial court was free to determine the weight to be given this report and the weight to be given the testimony and report of Claimant's vocational expert. Apparently, the trial court chose not to accept the vocational expert's testimony and report as conclusively establishing the "fact" of permanent total disability. It certainly was not bound to do so. *TRW/Reda Pump.*

¶ 17 The record in this case contains competent evidence to support the trial court's finding that Claimant did not meet her burden of persuasion. Therefore, we may not disturb that finding. *Baptist Med. Center v. Pruett,* 1999 OK CIV APP 39, ¶ 10, 978 P.2d 1005, 1008.

¶ 18 The order of the Workers' Compensation Court is SUSTAINED.

¶ 19 RAPP and TAYLOR, JJ., concur.