2006 OK CIV APP 98

**SOONER STATE OPTICAL, INC., and Compsource Oklahoma, Petitioners,**

v.

**Wayne BLACKBURN and the Workers' Compensation Court, Respondents.**

**No. 102,776.**

Court of Civil Appeals of Oklahoma, Division No. 4.

July 25, 2006.

---

Leah P. Keele, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P. Tulsa, OK, for Petitioners.

John D. Luton, William C. Searcy, Riggs, Abney, Neal, Turpen, Orbison & Lewis/Luton & Rackley, Muskogee, OK, for Respondents.

Opinion by DOUG GABBARD II, Presiding Judge.

¶1 Petitioners, Sooner State Optical, Inc., and CompSource Oklahoma (collectively, Employer), seek review of an order by a three-judge panel of the workers' compensation court modifying and affirming a workers' compensation trial court order granting a request by Claimant, Wayne Blackburn, to reopen for change of condition for the worse. For the following reasons, we sustain the panel's order.

## BACKGROUND

¶2 In November 2001, Claimant, a lens fabricator with a 25–year work history for Employer, sustained a compensable injury to his right and left hands due to cumulative trauma in the form of carpal tunnel syndrome. By order filed December 30, 2003, the workers' compensation court found as follows:

> THAT as a result of said injury, claimant sustained 23 percent permanent partial disability to the RIGHT HAND (INCLUDING WRIST AND SECOND FINGER) and 23 percent permanent partial disability to the LEFT HAND (INCLUDING WRIST AND THIRD FINGER), for which claimant is entitled to compensation for 98.8 weeks at $237.00 per week, or the total amount of $23,415.60 of which 28 weeks have accrued and shall be paid in a lump sum $6,636.00.

The case previously had been consolidated with Claimant's Case No.2002–07023F, seeking benefits for a November 20, 2001, back injury. A separate order for PPD as to Claimant's back also was entered on December 30, 2003.[1]

---

1. In the latter order, the workers' compensation court found that Claimant was not permanently totally disabled (PTD) as a result of his back injury, and reserved for future hearing the issue of whether Claimant was PTD due to a combination of his hand and back injuries. In January 2004, Claimant sought PTD benefits as a result of a combination of injuries. The record indicates that claim was denied in April 2004, when the court found Claimant was not PTD.

¶3 In September 2004, Claimant moved to reopen for change of condition, alleging a worsening of the injury to his hands. He requested surgery to his right third (ring) finger and left second (long) finger. At trial in May 2005, he testified that he began having problems in these fingers about two months after he underwent bilateral carpal tunnel and trigger finger release surgery on his left third and right second fingers in 2002.

¶4 Claimant's treating surgeon, Dr. Perry Inhofe, in an April 2005 report, attributed Claimant's condition to a "worsening of the triggering of his right ring and left long finger," and stated that the condition had progressed to true locking of those fingers on occasion. He recommended trigger finger release surgery for the right ring and left long fingers—the same surgery previously performed on Claimant's other fingers. Dr. Inhofe's notes confirm the diagnosis that this is a worsening of a progressive condition, and one which can present on a delayed basis. Notes of Dr. Inhofe's office evaluation also indicate Claimant did not complain of the subject fingers "locking" until September 2004, a part of a condition known as "trigger finger" which "is not exactly the same thing as carpal tunnel, but is brought on by the same exposure," and "can happen on a delayed basis." Claimant's evidence also included a January 25, 2005, report from Dr. Kenneth R. Trinidad, noting that Claimant has had "increased pain in the hands and worsening tenosynovitis affecting both hands," and opining that Claimant has undergone a change of condition for the worse "which has occurred since December 2003 with regard to the cumulative work-related trauma injuries to his hands while in the employ of [Employer]." A supplemental report from Dr. Trinidad, dated May 4, 2005, further explains that:

> Tenosynovitis is an inflammatory process affecting the tendons of the hand. It affects the palm of the hand and not specifically the individual fingers.... Although [Claimant] did not require initial surgery, this condition has gradually worsened over time [and] in my opinion ... is directly related to his work-related activities and is part of the same process of inflammatory

tendinitis affecting the hands from the cumulative work-related trauma.

¶5 In July 2005 the trial court entered an order granting Claimant's request to reopen and authorizing medical care to Claimant's right ring finger and left long finger. The court noted that although "[t]hese body parts were not covered under the original order," it found the fingers' "triggering [is] part of a process that involved the tendons of more than one finger." Employer appealed to a three-judge panel, which affirmed and modified the trial court's order to add a specific finding of a change of condition for the worse to the right third and left second fingers.

¶6 Employer now seeks review in this Court, alleging three grounds of error: (1) that the panel erred in rejecting Employer's defense that Claimant's claim is barred by *res judicata;* (2) that the panel erred in rejecting Employer's defense that Claimant's claim is barred by the statute of limitations; and (3) that the panel's decision is not supported by competent evidence.

## STANDARD OF REVIEW

¶7 To prove he or she has sustained a change of condition for the worse, a claimant must show "(1) that a change of condition for the worse has occurred since [the] last prior order, and (2) that the change of condition is due to the original injury." *Wald v. Roto Rooter,* 1995 OK CIV APP 122, ¶5, 910 P.2d 354, 356. The claimant must show that "the changed condition is a legitimate consequence of the compensable accident." *Bama Pie, Ltd. v. Raes,* 1995 OK 122, ¶8, 905 P.2d 811, 814. Whether a claimant has undergone a change of condition for the worse is a question of fact for the trial court, and is subject to an any-competent-evidence standard of review. *Id.* at ¶5, 905 P.2d at 813. A trial tribunal's award rests on competent evidence when it is supported by the general tenor and intent of the medical testimony. *Id.* at ¶11, 905 P.2d at 815.

¶8 The parties agree that the issues concerning the statute of limitations and *res judicata* are ordinarily considered to be mixed questions of law and fact. *See Mun-*

*singwear, Inc. v. Tullis,* 1976 OK 187, ¶ 8, 557 P.2d 899, 902 (holding statutorily abrogated on other grounds); *Barker v. State Ins. Fund,* 2001 OK 94, ¶ 6, 40 P.3d 463, 466. To the extent the issues depend upon resolving a question of fact, the trial tribunal's finding on the fact issue will not be disturbed if based on evidence "reasonably tending to establish the factual determination made." *Munsingwear* at ¶ 8, 557 P.2d at 902. However, "[a]s a mixed question of law and fact, and even though the factual determination will not be independently reviewed in this court if reasonably supported by the evidence," the application of a limitations statute or of the doctrine of *res judicata* "so as to bar a claim and thereby determine the issue is a conclusion of law," and is reviewable by this court as such. *Id.* Issues of law are reviewed *de novo* on appeal. *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Supreme Court).

## ANALYSIS

### 1. *Res Judicata*

■ ¶ 9 Employer contends that Claimant knew of and had complained about problems with his right ring finger and left long finger at the time of his PPD trial in December 2003, and failed to both request a finding for injury to those fingers and to ask to reserve determination as to those fingers. As such, Employer contends that Claimant is barred from further litigation regarding those body parts by the doctrine of *res judicata,* or claim preclusion, and that he may not request to reopen his claim and seek medical attention for those body parts now.

¶ 10 Employer's *res judicata* argument actually is two-fold. *First,* Employer contends the workers' compensation court awarded Claimant benefits for "body parts" that were not adjudicated during the original proceeding, in that the panel's order refers to a worsening of condition to Claimant's right ring and left long fingers, whereas the original, December 2003 adjudication referred to Claimant's "hand." *Second,* Employer contends that because Claimant complained of pain in his right ring and left long fingers prior to and during the December 2003 pro-

ceeding, the injury was "manifested" and those fingers therefore were "at issue" and were encompassed within the PPD adjudication as to his hand.

■ ¶ 11 Generally, every injury from a cumulative trauma which is known to a Claimant, and which accrues on the same date, is deemed to be "at issue" when the issue of permanent disability is tried. *Brown v. OXY USA, Inc.,* 1993 OK CIV APP 63, ¶ 14, 854 P.2d 378, 380. Thus, a claimant who is moving to reopen may not present injuries to body parts that were not adjudicated in the original proceeding; rather, a motion to reopen is limited to seeking benefits for a condition that is "after-manifested" and has progressed since the adjudication of permanent disability. *See University of Okla. v. Steinberg,* 2001 OK CIV APP 91, ¶ 8, 29 P.3d 618, 620. Consequently, all injuries from a cumulative trauma which accrue on the same day must be considered as one overall injury. *See Rhea v. Southwest Cupid,* 1998 OK CIV APP 97, ¶ 13, 969 P.2d 1000, 1003.

■ ¶ 12 A claimant is entitled to recover for the worsened condition of an injury or body part which is expressly the subject of a previously adjudicated disability. *Tinsley v. Goldenstern and Stolpher,* 1960 OK 143, ¶ 4, 353 P.2d 6,8. *Res judicata* only bars relitigation of a claim that was or could have been litigated in a previous proceeding. A compensable change in condition "may be established when a pathology, not fully ascertainable before in terms of its relation to, and effect upon, compensable disability, is shown to have manifested its presence and become detectable through a process of progressive developments occurring subsequent to the last prior order or award." *Wade Lahar Constr. Co. v. Howell,* 1962 OK 237, ¶ 9, 376 P.2d 221, 224.

¶ 13 Oklahoma courts have long held that an injury to more than one finger may properly be considered a hand injury, and that it is within the province of the workers' compensation court to determine whether the injury at issue is one to fingers only, or to the hand as a whole. *See e.g., Special Indem. Fund v. Duff,* 1948 OK 73, 191 P.2d 584

(disability resulting from combined effect of multiple injuries to minor members such as fingers and thumb may be fixed on the basis of the hand where evidence shows the cumulative effect of such injuries is to create such disability); *Gentry v. Arnett*, 1947 OK 252, 184 P.2d 804 (whether loss of more than one finger constitutes disability to the hand is question of fact for workers' compensation court). Title 85 O.S. Supp.2005 § 22(3) also contemplates that a finding of disability to a hand may encompass finger injury, in its statements that "in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

¶ 14 In the present case, the trial court's December 2003 order clearly found that Claimant sustained injury to both of his entire hands, due to the implication of certain specified fingers which required surgery. The December 2003 proceeding made no finding as to the other fingers of Claimant's hands, inasmuch as Claimant testified he was unaware that the other fingers were in need of treatment at the time. Claimant's medical evidence supports a finding that the nature of his injury is such that, in his original claim, he did not and could not have litigated a "worsened" condition. The evidence shows that his current condition has only recently manifested itself to the extent that his physicians have diagnosed and made recommendations concerning it, and that the worsening is part of a progressive condition.

¶ 15 Furthermore, Claimant himself argues he is **not** claiming injury to a part of his body that is different from a previously litigated body part; rather, he seeks recovery for an injury to the same body part that has simply worsened. The workers' compensation trial court's July 2005 order describing Claimant's right ring and left long fingers as "body parts" that were not "covered" under the December 2003 order, though technically accurate, unfortunately served to create confusion as to the real body parts, and issues, at hand—i.e., Claimant's *hands*. The July 2005 order must be read in conjunction with the December 2003 order's finding that Claimant's hands were injured as a result of injury to his wrists and finger on each hand.

It would be a misconstruction of the July 2005 order to read it as an adjudication of a completely new body part as to which Claimant had not previously submitted a claim.

¶ 16 In *Benning v. Pennwell Publishing Co.*, 1994 OK 113, 885 P.2d 652, the Oklahoma Supreme Court recognized that an after-manifested condition may be shown by evidence demonstrating that a claimant's need for medical attention first became apparent after the last award in a case, even if the claimant was aware of and reported the condition prior to the date the last award was entered. This Court also has recognized that the mere fact that a claimant has pain and numbness does not equate to knowledge of an effect produced by a cumulative trauma injury. *See Parsons v. OXY USA, Inc.*, 1998 OK CIV APP 43, 964 P.2d 913. A similar situation is presented in the case at bar. While it is true that Claimant made some complaints about his hands continuing to bother him, the record does not indicate that the condition was diagnosed as a worsening of his previous condition or that any determinative findings were made with regard to this specific condition at any previous time. Claimant presented ample competent medical and lay evidence to show that the problems manifested in the right ring and left long fingers were delayed; that the need for medical attention to those fingers did not occur until after the December 2003 hearing; and that, as found by the panel, the injury is part of a progressive worsening related to and caused by Claimant's original work-related injury. We therefore reject Employer's argument that the claim is barred by *res judicata*.

### 2. *Statute of Limitations*

¶ 17 Employer next contends Claimant's claim is barred by the two-year statute of limitations found at 85 O.S. Supp.2005 § 43(A), because Claimant did not amend his Form 3 to include injury to these new fingers within two years of his last exposure date of November 29, 2001. Employer argues that, because Claimant complained about his right ring and left long fingers as early as 2002, and yet failed to list them as injured body parts on his Form 3, or to have the court

make a specific finding of injury as to these fingers during the December 2003 trial, Claimant's 2005 claim regarding these fingers is time-barred. Because it has been more than two years since Claimant's date of last exposure—November 29, 2001—and the case has been tried on the issue of permanent partial disability, Employer says Claimant cannot now amend his Form 3 to include injury to his right ring and left long fingers.

¶ 18 We have found that this proceeding was properly filed as a reopening of Claimant's hand injury. Therefore, the timeliness of Claimant's filing does *not* depend on whether Claimant amended his Form 3 to add different body parts within the two-year statutory time bar of § 43(A). Rather, the timeliness of his filing depends on whether he filed his reopening request within the statutory time bar applicable to such proceedings, found at § 43(C). *See Benning v. Pennwell Pub. Co.*, 1994 OK 113, ¶ 11, 885 P.2d 652, 656. Claimant's filing was timely under this section, and Employer's statute of limitations argument is rejected.

### 3. *Competent Evidence Supporting the Panel's Decision*

■ ¶ 19 Employer's final contention is that no competent evidence supports a finding of change of condition for the worse. We disagree. As noted above, Claimant's burden is to show "(1) that a change of condition for the worse has occurred since [the] last prior order, and (2) that the change of condition is due to the original injury." *Wald v. Roto Rooter*, 1995 OK CIV APP 122, ¶ 5, 910 P.2d 354, 356. We have thoroughly reviewed the record and find ample competent medical and lay evidence demonstrating that Claimant's current condition is part of a progressive worsening related to and caused by Claimant's original work-related injury.

### CONCLUSION

¶ 20 The workers' compensation court three-judge panel's order is supported by competent evidence, and is in accord with the law. Accordingly, its decision is sustained.

¶ 21 SUSTAINED.

RAPP, V.C.J., and REIF, J., concur.