2012 OK CIV APP 77

Sherry Dawn LEE, Petitioner,

v.

SUNDANCE REHABILITATION CORP., Insurance Co. of the State of Penn., and The Workers' Compensation Court, Respondents.

No. 109,598.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 15, 2012.

Rehearing Denied July 12, 2012.

Sidney A. Musser, Jr., Harry J. "Trey" Kouri, III, Musser, Kouri & Grant, Oklahoma City, Oklahoma, for Petitioner.

Angela Reinstein, Pierce Couch Hendrickson, Baysinger & Green, Oklahoma City, Oklahoma, for Respondents.

JANE P. WISEMAN, Judge.

¶ 1 Claimant, Sherry Dawn Lee, seeks review of an order of a three-judge panel of the Workers' Compensation Court which vacated the decision of a Workers' Compensation Court judge. The three-judge panel's order denied her claim for compensation finding she did not meet the burden of proof for a single event injury and her testimony was inconsistent with her medical information. Upon review, we vacate the order of the three-judge panel and remand for reinstatement of the trial court's January 2011 order.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 According to her testimony, Claimant worked as an occupational therapist assistant for Sundance Rehabilitation Corp. (Employer) for approximately nine years when, on February 9, 2010, she injured herself while performing her duties for Employer. Claimant filed a Form 3 alleging injury to her low back, both hips, and left leg. On her Form 3, Claimant described her injuries as resulting from both a single incident and cumulative trauma from performing her duties. Employer filed a Form 10 denying Claimant sustained an accidental injury arising out of and in the course of the employment. Employer further denied Claimant timely notified Employer of the injury.

¶ 3 Claimant filed a Form 9, Motion to Set for Trial, alleging temporary total disability, permanent partial disability, and seeking authorization for continuing medical treatment. After a trial, the trial court found that Claimant's testimony was "credible and persua-

sive" and that on or about February 9, 2010,[1] Claimant sustained a single event injury to her "BACK (LUMBAR SPINE) (radicular symptoms into LEFT LEG)" that arose out of and in the course of her employment with Employer. The trial court awarded Claimant 8% permanent partial disability for this injury.

¶4 Employer appealed the order to the court *en banc* contending that Claimant did not meet her burden of proof with regard to the alleged single event injury on February 9, 2010. A three-judge panel by a two-to-one vote found that the January 2011 order "was contrary to law AND against the clear weight of the evidence" and vacated the order stating that Claimant "failed to meet her burden of proof as to a single event injury and [C]laimant's testimony was inconsistent with [C]laimant's medical." Claimant seeks review of the three-judge panel's order.

## STANDARD OF REVIEW

¶5 Effective August 26, 2011, 85 O.S. 2011 § 340 was enacted which provides in part:

> After the effective date of this act, regardless of the date of injury, the Supreme Court may modify, reverse, remand for hearing, or set aside the order or award upon any of the following grounds:
>
> 1. The Court acted without or in excess of its powers;
>
> 2. The order or award was contrary to law;
>
> 3. The order or award was procured by fraud; or
>
> 4. The order or award was against the clear weight of the evidence.

85 O.S.2011 § 340(D). The standard of review in effect when this appeal was ready for decision is that provided in this section, and we review the factual issues in this case to determine whether they are against the clear weight of the evidence.

## ANALYSIS

¶6 Claimant contends she met the burden of proof and that the trial court was "in the best position to address credibility."[2] Employer responds that the *en banc* Order "is supported by competent evidence and, therefore, should be affirmed."[3] The Workers' Compensation Court must "'make specific findings of the ultimate facts responsive to the issues formed by the evidence ... upon which its order is to be rested.'" *Dunkin v. Instaff Pers.*, 2007 OK 51, ¶13, 164 P.3d 1057, 1060 (quoted citation omitted). "[T]his rule applies to an order issued by the trial tribunal and also to any issued by the three-judge panel." *Id.* at ¶18.

¶7 The panel's order vacating the trial court's decision in the present case finds the trial court's order "contrary to law AND against the clear weight of the evidence" and substitutes its finding that "[C]laimant failed to meet her burden of proof as to a single event injury and the [C]laimant's testimony was inconsistent with [C]laimant's medical." On appeal to the three-judge panel, a panel

---

1. Although the trial court's order states the injury occurred on February 9, 2009, the parties agreed during the hearing before the panel that the date in the trial court's order was a typographical error and that the injury took place on February 9, 2010.

2. Claimant further asserts the three-judge panel erred in vacating the award for single-event injury without addressing her claim for cumulative trauma. Employer contends that although Claimant raised cumulative trauma in her Form 3, it was not presented or argued at trial and Claimant is now barred by claim preclusion from pursuing a cumulative trauma claim. "Pursuant to the doctrine of claim preclusion 'a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim but also any theories or issues that were

actually decided, or could have been decided, in that action.'" *Sill v. Hydrohoist Int'l*, 2011 OK CIV APP 80, ¶12, 262 P.3d 377, 381–82 (quoting *National Diversified Bus. Servs., Inc. v. Corporate Fin. Opportunities, Inc.*, 1997 OK 36, ¶12, 946 P.2d 662, 667). Claim preclusion by necessity involves a prior action or proceeding that "resulted in a final judgment on the merits." *Id.* The judgment on which Employer relies for this argument was not a final judgment on the merits so its reliance on *Sill* and the application of claim preclusion is misplaced. Because the panel's order cannot be sustained for other reasons, we will not address this issue further.

3. We recognize that the briefing on appeal in this case concluded before the effective date of the § 340(D) amendment affecting the standard of review.

member posed the following question to Claimant's attorney:

> Judge Grove: Mr. Musser. I don't understand how the Claimant's testimony would be credible as found by Judge Prigmore in paragraph two wherein her own medical is inconsistent with her testimony. I don't understand how that can be credible.

This appears to be the basis for the panel's reversal of the trial court's award. After reviewing the record, we conclude the panel's decision vacating the award is against the clear weight of the evidence.

¶ 8 Claimant testified that lifting a 250–pound patient on February 9, 2010, was the cause of the pain she felt that evening. Dr. Wilson in his report gave the opinion that Claimant sustained "a significant injury to her lumbar spine due to her work related accident while employed by [Employer]." As Employer points out in its brief on appeal, Claimant "submitted a ... report of Dr. Wilson, who specifically found she injured herself on February 9, 2010, while transferring a patient." The only inconsistency between Claimant's testimony and the medical report she offered of Dr. Wilson is that Claimant testified that she felt leg pain from the February 9, 2010, lifting incident later that evening at home and Dr. Wilson reports:

> [Claimant] was transferring a patient when she developed pain in her low back. Over the following days, her symptoms continued to worsen to include pain radiating into her left groin, left hip, and down the left lower extremity.

Claimant's testimony is consistent throughout that she first noticed symptoms in her leg that evening at home. Her testimony is also consistent with the report of Dr. Hensley, Employer's doctor, which recites that Claimant stated she assisted a patient off the toilet on February 9, 2010, and that "[s]he had no immediate symptomatology. That evening she noted onset of pain in her left leg."

¶ 9 The trial court specifically determined that "[C]laimant's testimony was credible and persuasive" and that she had sustained a compensable back injury as a result of a single event episode on February 9, 2010. Dr. Wilson's notation in his report is not a fatal discrepancy, and there is no support for the proposition that it *per se* invalidates Claimant's testimony as indicated by the panel's order. It is well within the trial court's purview to determine who is more likely to be accurate regarding the onset of symptoms, Claimant or Dr. Wilson's record, particularly when Dr. Hensley's record corroborates Claimant's testimony. *Lujan v. St. Mary's Hosp.*, 2001 OK CIV APP 51, ¶ 11, 23 P.3d 973, 976 ("It is the trial court's duty to weigh the evidence, determine credibility of witnesses and draw reasonable conclusions from their testimony."). The trial court is free to accept all, part, or none of any witness' testimony. *Id.* ("The trial court can refuse credence to any portion of the testimony deemed unworthy of belief and can rely in part on the claimant's evidence and in part on the employer's evidence or accept part of one witness's testimony while rejecting other parts."). The clear weight of the evidence supports the trial court's conclusion, and the three-judge panel's conclusion to the contrary must be vacated and the trial court's decision reinstated.

## CONCLUSION

¶ 10 The three-judge panel's order is vacated as against the clear weight of the evidence, and this case is remanded for reinstatement of the trial court's January 2011 order.

¶ 11 **VACATED AND REMANDED WITH DIRECTIONS.**

FISCHER, C.J., and BARNES, P.J., concur.